IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JENNIFER GRIMM, | ) |
|               Plaintiff, | ) |
| vs. | ) Case No. 16-3149-CV-S-ODS |
| NANCY A. BERRYHILL,[1] | ) |
| Acting Commissioner of Social Security, | ) |
|               Defendant. | ) |

ORDER AND OPINION AFFIRMING
COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her application for supplemental security income. As set forth below, the Commissioner's decision is affirmed.

**I. STANDARD OF REVIEW**

The Court's review of the Commissioner's decision is limited to a determination whether the decision is "supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance but…enough that a reasonable mind would find it adequate to support the conclusion." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (citations omitted). "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). Though advantageous to the Commissioner, this standard also requires the Court consider evidence that fairly detracts from the final decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn A. Colvin as the Defendant in this suit.

relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## II. BACKGROUND

Plaintiff was born in 1984, and has an associate's degree. R. at 24, 79-80,168-71, 216. She previously worked as a store clerk, cashier, delivery driver, and customer service representative. R. at 99-100, 199, 216-17. In July 2013, Plaintiff applied for supplemental security income, alleging a disability onset date of June 1, 2008. R. at 15, 168-73. Her application was denied, and she requested a hearing. R. at 125-31. A hearing was held before an administrative law judge ("ALJ") in December 2014. R. at 74-105. In January 2015, the ALJ issued his decision, finding Plaintiff was not disabled. R. at 15-25. Plaintiff appealed the decision to the Appeals Council, which denied her appeal. R. at 1-3.

The ALJ found Plaintiff had the severe impairments of post-traumatic stress disorder, adjustment disorder with depressed mood, somatization disorder, borderline personality traits, asthma, and obesity with gastroesophageal reflux disease. R. at 17. The ALJ determined Plaintiff had the following residual functional capacity ("RFC"):

> [P]erform sedentary work as defined in 20 CFR 416.967(a) except, due to her somatoform disorder, she cannot push or pull levers with the upper or lower extremities; can frequently reach in any direction, grip, grasp, finger, feel, and turn her wrists; can occasionally bend, twist, turn, stoop, squat, crouch, and climb stairs; cannot crawl, kneel, climb ladders, operate motor vehicles in competitive employment, use air or vibrating tools larger than hand-held, tolerate unprotected exposure to heights or hazards such as moving machinery, or tolerate heavy exposure to dust, smoke, or fumes. Further, due to her somatoform disorder, she cannot walk without a cane but can stand without an assistive device. She is unable to exercise judgment to make complex work-related decisions, cannot interact with the public, and cannot respond appropriately to changes in complex instructions or tasks. However, despite all her mental impairments, she can perform relatively simple, routine work in which interaction with supervisors and coworkers is brief and superficial or is brief and directly work-related.

R. at 20. Based upon the RFC and the Vocational Expert's ("VE") testimony, the ALJ concluded Plaintiff could work as a final assembler, table worker, or sealer. R. at 24-25. Plaintiff now appeals the ALJ's decision to this Court.

## III. DISCUSSION

Plaintiff argues the ALJ's decision must be reversed because the ALJ failed to properly consider the well-supported opinion of Plaintiff's treating psychiatrist, Dr. Bashir Ahmed. Doc. #9, at 13-21. Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). However, a treating physician's opinion may be disregarded if it is unsupported by clinical or other data or is contrary to the weight of the remaining evidence in the record. *See Anderson*, 696 F.3d at 793-94; *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996). The treating physician's opinion may also be disregarded if the physician's "cursory checklist statement" includes significant limitations absent from the physician's treatment notes. *Cline v. Colvin*, 771 F.3d 1098, 1103-04 (8th Cir. 2014) (citation omitted). The ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2); *Anderson*, 696 F.3d at 793.

In November 2014, Dr. Ahmed executed a Medical Source Statement – Mental ("MSSM"). R. at 497-98. Dr. Ahmed opined Plaintiff's conditions would cause her to leave work early or be absent two days per month on average. R. at 497. Dr. Ahmed concluded Plaintiff is mildly limited in her ability to remember work-like procedures; mildly limited in her ability to make simple work-related decisions; mildly limited in her ability to understand, remember, and carry out short and simple instructions; and moderately limited in her ability to understand and remember detailed instructions. R. at 497-98. Dr. Ahmed also opined Plaintiff is markedly limited in her ability to carry out detailed instructions, and maintain attention and concentration for extended periods of time. R. at 498. He stated Plaintiff is moderately limited in her ability to perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances, sustain an ordinary routine without special supervision, work in coordination with or proximity to others, and complete a normal workday and workweek without interruption from psychologically based symptoms. *Id.* Dr. Ahmed concluded Plaintiff has mild limitations with interacting with the general public and her ability to ask simple questions and request assistance. R. at 498. Plaintiff, according to Dr. Ahmed, has moderate limitations to accept instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers, and maintain socially appropriate

3

behavior. *Id.* Finally, Dr. Ahmed opined Plaintiff is moderately limited in her ability to respond appropriately to changes in the work setting, be aware of normal hazards and take appropriate precautions, and set realistic goals or make plans independently of others. *Id.*

The ALJ assigned "little weight" to Dr. Ahmed's opinion. R. at 23. The ALJ stated Dr. Ahmed's "opinion appears to be based on the claimant's subjective complaints. In fact, Dr. Ahmed has consistently reported that the claimant was alert, oriented and doing well on her medications." R. at 23. The ALJ also noted Dr. Ahmed "provided only routine treatment and medications, and did not report the extreme symptoms alleged by the claimant." *Id.*

The Court reviewed the record and finds substantial evidence supports the ALJ's decision to discount Dr. Ahmed's opinion. The Court also finds the ALJ provided good reasons explaining the weight she afforded Dr. Ahmed's opinion. Specifically, Dr. Ahmed's opinion that Plaintiff suffered disabling limitations is not supported by the treatment notes from the six occasions Dr. Ahmed met with Plaintiff before executing the MSSM. R. at 366-68, 456-57, 464-71; Doc. #8, at 15-16. Instead, Dr. Ahmed's treatment notes indicate the following:

- September 2013: Plaintiff's "mood is good," and she "doesn't want to take medication for depression at this time";

- October 2013: Plaintiff "has been doing good since last visit," she is getting good benefits from two medications, her anxiety has improved, and her mood has improved;

- January 2014: Plaintiff states "things are going pretty okay in" her life, and although she experienced good benefits from one medication for anxiety, she has begun to feel more anxious;

- March 2014: Plaintiff's anxiety improved, she "has been doing good since her last visit," and she is "getting good benefits from her current medications";

- June 2014: Plaintiff has "been doing good since last visit," "things are going pretty okay in her life," she is "getting good benefits from her current medication," and she will be going on a trip to Arizona and California; and

- August 2014: Plaintiff has "been doing fairly okay since last visit" and recently stopped taking one of her medications.

4

*Id.* Contrary to the MSSM executed by Dr. Ahmend, nothing in his treatment notes indicates Plaintiff's limited ability to remember things, make decisions, understand and carry out instructions, maintain attention and concentration, perform activities within a schedule, be punctual, interact with others, make plans independent of others, respond to changes, be on task, or maintain socially appropriate behavior. The ALJ properly discounted Dr. Ahmed's opinion because the limitations he set forth were never mentioned in his treatment records. *See Cline*, 771 F.3d at 1104; *see also Davidson v. Astrue*, 578 F.3d 838, 843 (8th Cir. 2009) (noting "[i]t is permissible for an ALJ to discount an opinion of a treating physician that is inconsistent with the physician's clinical treatment notes."). Accordingly, the Court finds the ALJ properly afforded Dr. Ahmed's opinion little weight.

## IV. CONCLUSION

The Court concludes there is substantial evidence in the record as a whole to support the ALJ's decision. The Commissioner's decision denying benefits is affirmed.

IT IS SO ORDERED.

/s/ Ortrie D. Smith  
ORTRIE D. SMITH, SENIOR JUDGE  
UNITED STATES DISTRICT COURT

DATE: May 15, 2017